IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02140-BNB

HOLLY A. LIVEZEY,

    Plaintiff,

v.

MARIELA LOPEZ, Store Manager, Extra Space Storage, and
EXTRA SPACE STORAGE, Corporate Office,

    Defendants.

---

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING CASE

---

    Plaintiff, Holly A. Livezey, a resident of Thornton, Colorado, filed *pro se* on August 21, 2013, an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) and on August 22, 2013, a Complaint (ECF No. 7) titled "Complaint Motion for Injunctive Relief Pursuant to F.R.C.P. Rule 65(b)(1)(A)(3) and (d)(1)(A)(C)." She is suing the manager of a storage facility in Doral, Florida, and the corporate headquarters for the storage facility located in Salt Lake City, Utah.

    The amended § 1915 motion and affidavit (ECF No. 6) will be granted. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1) filed on August 9, 2013, will be denied as moot.

    The Court must construe the Complaint liberally because Ms. Livezey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read

"to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, his poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the Complaint will be dismissed.

In the Complaint, Ms. Livezey alleges she suffered an injury in an accident on December 28, 2012, and as a result has been unable to work and maintain her financial responsibilities, despite receiving workers' compensation payments.  Through this lawsuit, she seeks to retain possession of her business property stored at the Extra Space Storage Facility in Doral, Florida.  She contends she filed motions for leave to proceed *in forma pauperis* and for injunctive relief in the district court of Adams County, Colorado, which denied her leave to proceed *in forma pauperis*.  She seeks relief in this Court because she believes she has no recourse in the state court system.

Pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971), federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances.  *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).  Abstention under *Younger* is appropriate when three conditions are met.

> First, there must be ongoing state criminal, civil, or administrative proceedings.  Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit.  Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). In the instant action, Ms. Livezey fails to allege sufficient information for the Court to determine that the state court proceedings are ongoing.

Ms. Livezey may not seek review in this Court of any adverse judgments entered in state court cases because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). However, because it is not clear whether final judgment has been entered in the state court case, the Court will not dismiss this action pursuant to the *Rooker-Feldman* doctrine.

Ms. Livezey fails to allege any statutory basis for this lawsuit that invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to § 1331,

"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotation marks omitted). Although Ms. Livezey does refer in the amended complaint to Rule 65 of the Federal Rules of Civil Procedure, Rule 65, by itself, is insufficient to state a cognizable § 1331 claim.

It is not clear whether Ms. Livezey is asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 because she fails to allege an amount in controversy that exceeds $75,000. To the extent Ms. Livezey may be attempting to assert diversity jurisdiction, venue is improper in this Court. Title 28 U.S.C. § 1391 sets forth the rules that govern venue in federal courts. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Complaint was filed *pro se* by Ms. Livezey in the District of Colorado. However, the events giving rise to the claim, and the property that is the subject of the action, are situated in Doral, Florida. Therefore, venue appears to be appropriate in a federal district court in Florida – specifically the United States District Court for the Southern District of Florida (Southern District of Florida), 400 North Miami Avenue, Miami, Florida 33128 – and not in the District of Colorado, assuming the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Normally, in the interests of justice, the Court would transfer the instant action to the Southern District of Florida, the judicial district in which Doral, Florida, is located, because Ms. Livezey's claims could have been brought there. However, because Ms. Livezey fails to allege sufficient information for this Court to determine whether such transfer is appropriate, the action will be dismissed for improper venue.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Livezey files a notice of appeal she also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

5

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) is granted. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 1) is denied as moot. It is

FURTHER ORDERED that the Complaint (ECF No. 7) titled "Complaint Motion for Injunctive Relief Pursuant to F.R.C.P. Rule 65(b)(1)(A)(3) and (d)(1)(A)(C)" and the action are dismissed without prejudice for improper venue. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 28th day of August, 2013.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court